The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. Plaintiff's average weekly wage as set forth on the Form 22 (wage chart) is $467.32, yielding a compensation rate of $311.56 per week.
4. Plaintiff suffered an injury by accident on 20 June 1995, resulting in an injury to her back.
5. The Defendant-employer admitted liability and certain benefits were paid to Plaintiff.
6. The issues to be determined by the Commission are whether there is a causal connection between Plaintiff's current back condition and the original injury by accident, and what additional benefits, if any, is Plaintiff entitled to receive.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 20 June 1995, Plaintiff, while pushing and pulling on a sinker ring, developed low back pain which was diagnosed by Dr. Watts as a muscle strain. She reported the incident to Nurse Sherri Garner on 21 June 1995, where her only complaints were of low back pain. Nurse Garner performed a physical examination and documented in her nursing note that there was no leg pain, numbness or tingling.
2. Nine days later on 29 June 1995, Plaintiff was seen by Dr. Boyd Watts with a complaint of low back pain. Plaintiff specifically denied leg pain, numbness or tingling. Dr. Watts performed a physical examination in which he found her to be normal neurologically and diagnosed a back strain. Dr. Watts released her to return to work.
3. Plaintiff returned to work at the same job as a knitter, with no complaints of back pain and no request for additional medical treatment until she was seen in the emergency room on 27 September 1995.
4. On 27 September 1995, Plaintiff reported to the emergency room with back pain radiating to both legs which by history had begun that morning or the previous day. There was no history of an onset beginning at work. This is the first time that Plaintiff had complained of leg pain or numbness. On 2 October 1995, she reported this new onset of pain to Nurse Garner and gave a history that she had been on vacation and that while on vacation, she had painted a car and gone dancing. When she was ready to return to work following her vacation, she began having muscle spasms in her back which continued until she went to the emergency room on 27 September 1995.
5. At the hearing, Plaintiff testified that she had a sudden onset of back pain on 27 September 1995 while moving a toolbox at work. However, Plaintiff did not report this injury to anyone and specifically denied an injury to Nurse Garner on 2 October 1995. In addition, Plaintiff did not report an injury at the emergency room on 27 September 1995 and there was no mention of a new injury occurring on 27 September 1995 in the Form 33 or Form 18.
6. Plaintiff continued to work as a knitter for Defendant-employer through 20 May 1996, when she requested a medical leave of absence. In requesting a medical leave of absence, Plaintiff asserted that her condition was not the result of her employment. On 17 June 1996, Plaintiff was released by a chiropractor, Dr. Blase, to return to work. Nurse Garner contacted Dr. Blase to determine whether there were any restrictions and he agreed that she could return to her regular job as a knitter.
7. At the time Plaintiff had been released to return to work, the Burlington Industries plant in Denton where she was employed, had notified all employees that the plant would be closing as of August 1996. Since the plant was closing, Plaintiff and several other employees were told not to return to work but were paid their full wages through August 1996, as the plant was beginning to shut down and there was no need for their continued services.
8. On 25 February 1997, Plaintiff was seen by Dr. Schwarz, a neurosurgeon at Johnson Neurological Clinic, where she gave an inaccurate history that she had an immediate onset of bilateral leg pain and numbness immediately following the 20 June 1995 injury. Thereafter, she was seen by Dr. Hussey, a neurosurgeon at Johnson Neurological Clinic, on 28 July 1997 for a surgical evaluation. Dr. Hussey performed surgery on 17 August 1997 for a herniated disc at L5-S1.
9. Prior to the 20 June 1995 injury, Plaintiff had been in an automobile accident in 1976 at which time she fractured her pelvis and coccyx. On 21 June 1995 when she reported the injury to Nurse Garner, she informed Nurse Garner that she had back pain continuously since the automobile accident in 1976.
10. Although there is medical evidence to the contrary, the greater weight of the medical evidence establishes that Plaintiff's herniated disc was not the result of the 20 June 1995 injury by accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Since there are differing medical opinions regarding causation, the Full Commission gives more weight to the testimony of Dr. Watts. Dr. Watts, an orthopaedic surgeon who examined the Plaintiff just nine days after the injury, is in the best position to give an opinion as to causation. Dr. Watts is unequivocable in his opinion that the herniated disc, which later developed, did not result, nor was it aggravated by the 20 June 1995 injury. This is based on the Plaintiff's lack of symptoms and neurological findings just nine days following the injury. Dr. Watts testified that he would have expected to see a moderately positive straight leg raising and evidence of sciatica had she herniated a disc in June 1995. Therefore, Plaintiff's herniated disc did not result from any injury at work.
2. Since there is no causal connection between Plaintiff's subsequent herniated disc and the original injury by accident, Plaintiff is not entitled to further benefits under the Workers' Compensation Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for additional workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the 31 day of August 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER